UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 24 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| UNITED STATES OF AMERICA, | No. 12-50544 |
|---|---|
| Plaintiff - Appellee, | D.C. No. 2:12-cr-00673-GHK-1 |
| v. | U.S. District Court for Central California, Los Angeles |
| ADILIA BERMUDEZ and ADILIA BERMUDEZ, | **MANDATE** |
| Defendants - Appellants. | |



RECEIVED
CLERK, U.S. DISTRICT COURT

1/24/14

CENTRAL DISTRICT OF CALIFORNIA
BY: ___MAT___ DEPUTY

The judgment of this Court, entered December 20, 2013, takes effect this date.

This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure.

FOR THE COURT:
Molly C. Dwyer
Clerk of Court

Rhonda Roberts
Deputy Clerk

FILED

DEC 20 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff - Appellee,<br><br>   v.<br><br>ADILIA BERMUDEZ,<br><br>            Defendant - Appellant. | No. 12-50544<br><br>D.C. No. 2:12-cr-00673-GHK-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
George H. King, Chief Judge, Presiding

Submitted December 17, 2013[**]

Before:    GOODWIN, WALLACE, and GRABER, Circuit Judges.

Adilia Bermudez appeals the 60-month sentence imposed following her guilty-plea conviction for two counts of bank fraud, in violation of 18 U.S.C. § 1344. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

   [*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

   [**]   The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Bermudez contends that the district court committed a Guidelines calculation error when it applied a two-level enhancement for abuse of trust under U.S.S.G. § 3B1.3.  We review for plain error because Bermudez forfeited the challenge by failing to raise it at the time of sentencing.  *See United States v. Guzman-Mata*, 579 F.3d 1065, 1068 (9th Cir. 2009).

Any error in applying the enhancement was not plain because the record suggests that Bermudez, as Accounting Controller of Mel-Jen, Inc., had professional discretion and was "subject to significantly less supervision than employees whose responsibilities are primarily non-discretionary in nature." U.S.S.G. § 3B1.3 cmt. n.1.  Moreover, Bermudez's position of trust "contributed in some significant way to facilitating the commission or concealment of the offense," *id.*, because her role enabled her to conceal her offense by preparing misleading daily financial reports and by ensuring that questions about the fraudulent checks were routed through her.

We need not consider the issue of the alleged waiver.

**AFFIRMED.**